

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Kelvin Junior STEPHENSON,<br><br>Defendant. | Magistrate Case No. '22 MJ4374<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry after Deportation |

The undersigned complainant, being duly sworn states:

On or about November 29, 2022, within the Southern District of California, Defendant Kelvin Junior STEPHENSON, an alien, who previously had been excluded, deported and removed from the United States to Jamaica, attempted to enter the United States with the purpose i.e., conscious desire, to enter the United States at the San Ysidro, California Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the Defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Ramon A. Galindo, CBP Enforcement Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 30th of November 2022.

HON. ALLISON H. GODDARD
UNITED STATES MAGISTRATE JUDGE

## STATEMENT OF FACTS

On November 29, 2022, at approximately 8:24 p.m., Kelvin Junior STEPHENSON (Defendant), applied for admission into the United States from Mexico via the San Ysidro, California Port of Entry pedestrian primary lanes. Defendant presented himself for inspection before a United States Customs and Border Protection Officer (CBPO) and presented a stated of California driver's license bearing the name T.R.T., and claimed to be a United States Citizen born in San Diego, California and was on his way to San Diego with nothing to declare. Defendant stated he lost his passport. The CBPO received a computer-generated alert and suspected Defendant was not the person on the driver's license presented. Defendant was escorted to secondary for further inspection.

In secondary, Defendant was queried by fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT and IAFIS returned matches to the queries revealing Defendant's true name and identity. Defendant was linked to Federal Bureau of Investigation and Department of Homeland Security (DHS) service records which identify Defendant as a citizen of Jamaica without lawful documents to enter the United States.

DHS records revealed Defendant was ordered removed by an Immigration Judge from the United States to Jamaica on or about April 23, 2008, and physically removed on or about February 25, 2010, through Atlanta, Georgia. DHS records contain no evidence Defendant has applied for or received permission from the United States Attorney General or his designated successor, the Secretary of the Department of Homeland Security, to legally seek reapplication for admission into the United States.

On November 29, 2022, at approximately 10:40 p.m., Defendant was advised of his Miranda Rights and elected to give a statement without the benefit of counsel. Defendant admitted he is a citizen of Jamaica without lawful documents to enter or reside in the United States. Defendant admitted to having purchased the driver's license he used to obtain entry into the United States in Tijuana, Mexico for five hundred dollars. Defendant stated that he falsely claimed to be a United States citizen knowing he was not. Defendant stated he has been previously removed from the United States by an Immigration Judge and has not obtained permission to re-enter the United States. Defendant stated he was going to the state of Florida to live with his cousin.